UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| KYLE GARRETT SOTO,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:24-CV-05025-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING IN PART MOVANT'S MOTION, AND GRANTING MOVANT'S REQUEST FOR AN EVIDENTIARY HEARING |

Movant, Kyle Garrett Soto, filed a motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255. Docket 1. Soto's motion includes two grounds. *Id.* In ground one, Soto contends that his counsel was ineffective for failing to argue that Soto's sentence on Counts 13–14 exceeds the statutory maximum. *Id.* at 4. In ground two, Soto contends that his counsel was ineffective for failing to advise him of his right to appeal after the court modified Soto's sentence on remand. *Id.* at 5. The United States waives any defenses to ground one and agrees that an amended judgment should be entered reflecting a sentence on Counts 13–14 that does not exceed the statutory maximum. Docket 19 at 9–11. The United States moves to dismiss ground two of the motion without holding an evidentiary hearing. Docket 18; Docket 19 at 11–12. The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and the District of South Dakota's Civil Local Rule of Practice 72.1.A.2(b), which designate to the magistrate judge the duty to prepare

proposed findings and recommendations for the disposition of posttrial relief made by individuals convicted of criminal offenses.

Magistrate Judge Veronica L. Duffy issued a report and recommendation. Docket 28. Because the United States concedes that Soto's counsel was constitutionally deficient in failing to object to his sentence on Counts 13–14, Magistrate Judge Duffy recommended that the court correct Soto's sentence on Counts 13–14 rather than holding a new evidentiary hearing. Docket 28 at 11–12. Magistrate Judge Duffy also recommended that Soto is entitled to an evidentiary hearing on ground two because Soto contends that his counsel failed to advise him of his right to appeal after the court corrected his sentence on Count 15 rather than having a new sentencing hearing. *Id.* at 12–16. The United States does not object to the report and recommendation. Docket 29. Soto, who is represented by counsel, did not object to the report and recommendation, and the time for doing so has expired. Docket 28 at 16–17.

## STANDARD OF REVIEW AND DISCUSSION

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting its de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994). The court has considered

the case de novo and adopts the findings and recommendations of Magistrate Judge Duffy in full. Thus,

IT IS ORDERED:

1. That the report and recommendation of the magistrate judge (Docket 28) is adopted in full.
2. That the United States's motion to dismiss (Docket 18) is denied in part.
3. That Soto's motion to correct his sentence (Docket 1) is granted in part (as to ground one), and the court will issue an amended judgment correcting Soto's sentence on Counts 13–14 after the remaining issues are resolved.
4. That Soto's request for an evidentiary hearing on ground two is granted. This matter is referred back to Magistrate Judge Duffy to conduct an evidentiary hearing.

Dated October 22, 2025.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE