UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| KYLE GARRETT SOTO,<br><br>　　　　　　　Movant,<br><br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Respondent. | 5:24-CV-05025-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOVANT'S MOTION TO VACATE, CORRECT, OR SET ASIDE HIS SENTENCE |

　　　Movant, Kyle Garrett Soto, filed a motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255. Docket 1. Soto's motion includes two grounds. *Id.* In ground one, Soto contends that his former counsel was ineffective for failing to argue that Soto's sentence on Counts 13–14 exceeds the statutory maximum. *Id.* at 4. In ground two, Soto contends that his former counsel was ineffective for failing to advise him of his right to appeal after the court modified Soto's sentence on remand. *Id.* at 5. Because the United States waived any defenses to ground one and agreed that an amended judgment should be entered reflecting a sentence on Counts 13–14 that does not exceed the statutory maximum, the court granted in part Soto's motion to correct his sentence as to ground one. Docket 30 at 3. The court also adopted the magistrate judge's recommendation that Soto is entitled to an evidentiary hearing on ground two because Soto contends that his former counsel failed to advise him of his right to appeal after the court corrected his sentence on Count 15 rather than having a new sentencing hearing. *Id.* at 2–3.

After the court referred the matter back to the magistrate judge to conduct an evidentiary hearing on ground two, the parties stipulated that Soto's former counsel did not consult with him about an appeal following the entry of an amended judgment of conviction. Docket 31. Following the parties' stipulation, the magistrate judge recommended that Soto's motion be granted on ground two as well as on ground one. Docket 32 at 2. The United States does not object to the report and recommendation. Docket 33. Soto, who is represented by counsel, did not object to the report and recommendation, and the time for doing so has expired. Docket 32 at 3.

## STANDARD OF REVIEW AND DISCUSSION

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting its de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994). The court has considered the case de novo and adopts the recommendation of the magistrate judge that Soto's motion to vacate, correct, or set aside be granted on both grounds and that the court correct Soto's sentence on Counts 13 and 14 by entering a

second amended judgment, which will trigger's Soto's right to appeal anew.[1] *See* Docket 32 at 2. Thus,

IT IS ORDERED:

1. That the report and recommendation of the magistrate judge (Docket 32) is adopted.

2. That the United States's motion to dismiss (Docket 18) is denied.

3. That Soto's motion to correct his sentence (Docket 1) is granted, and the court will issue a second amended judgment correcting Soto's sentence on Counts 13–14.

4. That the Probation Office will prepare a second amended judgment providing that Soto is to be imprisoned for total term of 360 months on Counts 1–12, **\*240 months on Counts 13–14**, and 120 months on Count 15, to run concurrently.

5. That Soto' s request for an evidentiary hearing on ground two is

---

[1] The magistrate judge also recommended that counsel be appointed to represent Soto on an appeal from the second amended judgment. Docket 32 at 2–3. Soto is represented by counsel in this action. *See* Docket 1 at 12; Docket 3; Docket 31. Because Soto's counsel have not withdrawn, the court assumes that his counsel in this action will file a notice of appeal from the second amended judgment if Soto wants to appeal from that judgment. Thus, because Soto is represented by counsel, it is not necessary to appoint additional counsel at the district court level to represent Soto on an appeal from the second amended judgment.

denied as moot.

Dated December 18, 2025.

                                          BY THE COURT:

                                          */s/ Karen E. Schreier*
                                          KAREN E. SCHREIER
                                          UNITED STATES DISTRICT JUDGE